UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CITIZENS OF IDAHO (U1777), FRANCES BRUCKNER, JACQUELINE M ANTONIE, RICK ANDERSON, TAMLA RENCHER, and UNKOWN PLAINTIFFS,<br><br>    Plaintiffs,<br><br>  v.<br><br>STATE OF IDAHO, BANK OF AMERICA, ADA COUNTY SHERIFFS DEPARTMENT, BANNOCK COUNTY SHERIFFS DEPARTMENT, CANYON COUNTY SHERIFFS DEPARTMENT, KOOTENAI COUNTY SHERIFFS DEPARTMENT ANIMAL CONTROL DIVISION, TWIN FALLS COUNTY SHERIFFS DEPARTMENT, GEM COUNTY SHERIFFS DEPARTMENT, RECONTRUST COMPANY, N.A., and FEDERAL HOME LOAN MORTGAGE CORPORATION,<br><br>    Defendants. | Case No. 1:11-cv-620-ELJ-LMB<br><br>**REPORT AND RECOMMENDATION** |

**INTRODUCTION**

Currently pending before the Court is a Motion to Dismiss filed by Defendants

Bank of America, N.A. Federal Home Loan Mortgage Corporation and ReconTrust

Company, N.A. (Dkt. 12). All remaining Defendants are government actors and immunity

must also be addressed for the Plaintiffs' claims to proceed. Having carefully reviewed

the record, and otherwise being fully advised, the Court enters the following Report and

Recommendation pursuant to 28 U.S.C. § 636(b).

## BACKGROUND

In their pleading captioned "Civil Complaint Amendment Plaintiffs Added etc.

Defendants Added," ("Amended Complaint," Dkt. 5), Plaintiffs seek redress against

government and private defendants for perceived wrongs surrounding alleged fraudulent

non-judicial foreclosures.

Citizens of Idaho (U1777) is alleged to be a nonprofit organization asserting

constitutional rights generically on behalf of the citizens of the State of Idaho, including

as yet unknown plaintiffs. The individual Plaintiffs–Frances Bruckner, Jacqueline

Antonie, Rick Anderson, and Tamla Rencher–while also named in the Amended

Complaint, appear to be members of this nonprofit organization.[1]

Pages six through twenty of Plaintiffs' Amended Complaint contain nothing more

than citations to, quotes from, and paraphrasing of various statutes, constitutional

provisions, and miscellaneous annotated laws.  Plaintiffs do not allege any specific

incidences of false or fraudulent foreclosures. Instead, Plaintiffs claim their causes of

action arise under Amendments 1, 7, 9, 10, and 14 of the Constitution of the United

States, and failure to comply with the Unincorporated Non Profit Association Act of

1996. Plaintiffs also assert a 42 U.S.C. § 1983 claim.

---

[1]The caption and signature pages only list the address of the Citizens of Idaho group, seeming to imply that all Plaintiffs are members of this group.

However, Plaintiffs do not assert any specific facts that would support a violation of the above cited laws and Constitutional provisions. Rather, on page three of the Amended Complaint, Plaintiffs broadly allege that "Defendants allowed false and fraudulent foreclosures," and engaged in "fraudulent practices due to the corruption within our banking systems," and that foreclosed properties were wrongfully sold by various county sheriff's departments across the state of Idaho. (Dkt. 5 at 3). Plaintiffs also contend that the Attorney General's office failed to protect Idaho citizens from this fraud by not filing lawsuits to protect those citizens' rights. (*Id.* at 5). Plaintiffs' other "claims" are merely quoting the bare text of several federal statutes that do not bear any immediate relation to the Plaintiffs' other claims.

Plaintiffs seek: (1) $9 Billion in damages; (2) "sanctions against Bank of America to stop all future foreclosures without proper lawful service provided to the Citizens of Idaho;" (3) "sanctions" against the Attorney General of Idaho and that a new Attorney General be appointed; and (4) punitive damages. (Dkt. 5 at 4). The Amended Complaint alleges no facts related to Plaintiffs' injury, any damages that have possibly been suffered, or any particular actions taken by any Defendant that caused them damage or injury.

## REPORT

The Court will first address the issue of immunity as applied to the State of Idaho and County Sheriffs Departments. Then the Court will address the private Defendants Motion to Dismiss for Failure to State a Claim (Dkt. 12).

A.    **Dismissal of Immune Parties**

There are, generally, two different types of immunity: absolute and qualified immunity. The Court will address these differing standards separately because they affect the various Defendants differently.

1.    **Absolute Immunity for State of Idaho**

Eleventh Amendment sovereign immunity limits the jurisdiction of the federal courts and can be raised by a party at any time during judicial proceedings or by the court sua sponte. *See Edelman v. Jordan,* 415 U.S. 651, 677-78 (1974); *Charley's Taxi Radio Dispatch Corp. v. SIDA of Hawaii, Inc.,* 810 F.2d 869, 873 n. 2 (9th Cir.1987). The Eleventh Amendment bars suits in federal court against a state and its agencies brought by its own citizens and citizens of other states. U.S. Const. amend. XI; *Edelman,* 415 U.S. at 662-63; *Franceschi v. Schwartz,* 57 F.3d 828, 831 (9th Cir. 1995). Unlike other jurisdictional limitations, states can waive their Eleventh Amendment sovereign immunity and consent to federal jurisdiction. *Seminole Tribe of Florida v. Florida,* 517 U.S. 44, 55 (1996). However, the State of Idaho has not made a general waiver of its Eleventh Amendment sovereign immunity. *See Hickman v. Idaho State School and Hospital,* 339 F. Supp. 463 (D. Idaho 1972).

Here, because the state of Idaho has not waived sovereign immunity for state or federal constitutional violations, the Plaintiffs' constitutional claims against the State of Idaho are barred by the Eleventh Amendment. In addition, the Court concludes that all the

Plaintiffs' claims against the state are based on various constitutional violations which are clearly barred by absolute immunity. As such, all claims against the State of Idaho are dismissed, and the State of Idaho is dismissed as a party from this action with prejudice.

2.      **Qualified Immunity for County Sheriffs Departments**

The United States Supreme Court has clearly explained that "[t]he doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan,* 555 U.S. 223 (2009) (quoting *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982)). Further, qualified immunity shields an officer from liability even if his or her action resulted from "'a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact.'" *Id.* (quoting *Groh v. Ramirez,* 540 U.S. 551, 567 (2004) (Kennedy, J., dissenting)). The purpose of qualified immunity is to strike a balance between the competing "need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Id.*

In determining whether a party is entitled to qualified immunity, the courts employ a two-step test: first, the court decides whether the state actor violated a plaintiff's constitutional right; if the answer to that inquiry is "yes," we proceed to determine whether the constitutional right was "clearly established in light of the specific context of

the case" at the time of the events in question. *Robinson v. York,* 566 F.3d 817, 821 (9th Cir.2009) (citing *Saucier v. Katz,* 533 U.S. 194, 201 (2001)), *cert. denied,* 130 S.Ct. 1047 (2010). The Supreme Court has instructed that the court may "exercise [its] sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first." *Pearson,* 129 S.Ct. at 818.

The Plaintiffs' only claim against the Defendant Sheriffs Departments is that the departments wrongfully sold foreclosed properties without a court order, thus violating Plaintiffs' constitutional rights to procedural and substantive due process. It must be noted here that the sale of foreclosed properties by county sheriffs departments is authorized under Idaho law. *See, e.g.,* Idaho Admin. Code r. 35.01.02.019.[2] In addition, the argument that rights to procedural and substantive due process are violated by Idaho law authorizing non-judicial foreclosure and Defendants' actions in accordance with that law has been repeatedly rejected by a long line of authority in the United States Court of Appeals for the Ninth Circuit. *See, e.g., Apao v. Bank of New York,* 324 F.3d 1091, 1094 (9th Cir.2003) (citing *Charmicor, Inc. v. Deaner,* 572 F.2d 694, 696 (9th Cir.1978).

This Court concludes as a matter of law that Plaintiffs' claims against the county sheriffs departments do not state a cause of action for the violation of a constitutional

---

[2] This undercuts Plaintiffs' argument in the second prong of this analysis. Because the sale of foreclosure property by county sheriff departments is approved by law, it would be rather incredible to also conclude that a constitutional right was so clearly established that a reasonable officer would have known he was violating those rights by selling foreclosed property. *See Pearson v. Callahan,* 555 U.S. 223 (2009). Thus, the Plaintiffs' claims fail under the second prong of the qualified immunity analysis.

right. Thus, all Plaintiffs' claims against Defendants Ada County Sheriffs Department, Bannock County Sheriffs Department, Canyon County Sheriffs Department, Kootenai County Sheriffs Department Animal Control Division, Twin Fall County Sheriffs Department, and Gem County Sheriffs Department should be dismissed on grounds of qualified immunity with prejudice.

**B.     Rule 12(b)(6) Motion to Dismiss**

**1.     Applicable Law**

A Rule 12(b)(6) motion to dismiss tests the sufficiency of a party's claim for relief. When considering such a motion, the Court's inquiry is whether the allegations in a pleading are sufficient under applicable pleading standards.  Further, Rule 8(a) sets forth the minimum pleading requirement, which is that the plaintiff provide only a "short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

When reviewing a motion to dismiss, a district court must accept as true all non-conclusory, factual (not legal) allegations made in the complaint.  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009);  *Erickson v. Pardus*, 551 U.S. 89 (2007).  Based upon these allegations, the court must draw all reasonable inferences in favor of Plaintiffs.  *See Mohamed v. Jeppesen Dataplan, Inc.*, 579 F.3d 943, 949 (9th Cir. 2009).  However, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed

factual allegations, a plaintiff's obligation to provide the grounds of . . . relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 129 S. Ct. at 1949 ("Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"), *citing Twombly*, 550 U.S. at 555; *see also Papasan v. Allain*, 478 U.S. 265, 286 (1986) (holding that a court is "not bound to accept as true a legal conclusion couched as a factual allegation"). Likewise, courts are not bound by unreasonable inferences and unwarranted deductions of fact. *See, e.g., Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996). In sum, a party must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at  570; *Iqbal*, 129 S. Ct. at 1949.

### 2.    Legal Standard for Pro Se Plaintiffs' Complaints

A court is under special obligations when considering motions to dismiss a complaint filed by a plaintiff without legal representation. Any document filed pro se is "to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."[3] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Cf.* Fed. Rule Civ. Proc. 8(f) ("All pleadings shall be so construed as to do substantial justice"). Thus, the Court's obligation is, "'where the petitioner is pro se . . . to construe the pleadings liberally and to afford the petitioner the benefit of any doubt.'" *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

---

[3]This is true even under *Iqbal's* heightened pleading standard. *Hebbe*, 627 F.3d at 342.

3.      **Analysis of 12(b)(6) Motion to Dismiss**

Plaintiffs' Amended Complaint fails to state a claim upon which relief could be granted because Plaintiffs do not allege any specific actions undertaken by any of the named Defendants to support their conclusory statements. While Plaintiffs claim that Defendants "allowed false and fraudulent foreclosures," they do not include any supporting factual allegations of specific foreclosures, or even a pattern of wrongful foreclosures. Thus, Plaintiffs' bare allegations are simply "naked assertion[s] devoid of further factual enhancement." *Iqbal*, 129 S. Ct. at 1949.Thus, as a matter of law, Plaintiffs do not allege sufficient facts to support a plausible claim.

Further, Plaintiffs do not allege any specific harm to them as a result of Defendants actions. Plaintiffs seek damages but do not state with any specificity any direct or indirect harm that has come to any of them. It cannot be disputed that relief can only be granted where harm has occurred, so harm, injury, or damage must be alleged in order for Plaintiffs' complaint to survive a Rule 12(b)(6) motion to dismiss.

After a careful review of the complaint, the Court concludes that Plaintiffs have failed to allege any specific harm, let alone the manner in which Defendants inflicted that harm, injury or damage.

Finally, Plaintiffs' many citations to federal statutes are not applicable here and none relate to any possible claim upon which relief can be granted.  Most of the statutes cited are criminal statutes, which do not apply in this civil case.   Even if Plaintiffs were

able to obtain relief under these statutes, the implied allegations formulated by including the statutes are not supported by any factual allegations. The conclusory statement of violation of a statute is not sufficient to state claim for relief that is "plausible on its face." *Twombly*, 550 U.S. at 570; *Iqbal*, 129 S. Ct. at 1949.

### 4.     Conclusion Regarding Motion to Dismiss

Because Plaintiffs fail to state sufficient supporting facts, and because no harm, damage, or injury is alleged, this Court finds, and thus concludes, that Plaintiffs' Amended Complaint fails to state a claim upon which relief can be granted. Accordingly, the District Court should grant Defendants' motion to dismiss for failure to state a claim.

## C.     Leave to Amend

A dismissal without leave to amend is improper unless it is beyond doubt that the complaint "could not be saved by any amendment." *Harris v. Amgen, Inc.*, 573 F.3d 728, 737 (9th Cir. 2009). The Ninth Circuit Court of Appeals has held that "in dismissals for failure to state a claim, a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss and Liehe, Inc. v. Northern California Collection Service, Inc.,* 911 F.2d 242, 247 (9th Cir. 1990). The issue is not whether plaintiff will prevail but whether he "is entitled to offer evidence to support the claims." *Diaz v. Int'l Longshore and Warehouse Union, Local 13*, 474 F.3d 1202, 1205 (9th Cir. 2007) (citations omitted). A motion to amend should be granted unless such an

amendment would be futile because "district courts need not accommodate futile amendments." *Newland v. Dalton*, 81 F.3d 904, 907 (9th Cir. 1996).

To afford the pro se plaintiffs the "benefit of any doubt," the Court is of the view that there many additional facts that could be alleged that would be sufficient to state grounds for relief against Defendants Bank of America, Federal Home Loan Mortgage Corporation, and ReconTrust Company. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). As such, the District Court should allow Plaintiffs one opportunity to amend their complaint to state a claim upon which relief could be granted as limited to these three Defendants.  Plaintiffs should not, however, include the state or county governmental entities in any amended pleading because each of them have immunity.

## RECOMMENDATION

Based upon the foregoing, the Court hereby RECOMMENDS:

1. All claims against Defendants State of Idaho; Ada County Sheriffs Department; Bannock County Sheriffs Department; Canyon County Sheriffs Department; Kootenai County Sheriffs Department Animal Control Division; Twin Fall County Sheriffs Department; and Gem County Sheriffs Department be DISMISSED with prejudice;

2. Non-governmental Defendants' Motion to Dismiss (Dkt. 12)[4] be GRANTED; and

---

[4] Defendants Bank of America, RenconTrust Company, and Federal Home Loan Mortgage Corporation.

3.  Plaintiffs be granted thirty days leave to amend their complaint as to

Defendants Bank of America, RenconTrust Company, and Federal Home Loan

Mortgage Corporation.

## OBJECTIONS

Written objections to this Report and Recommendation must be filed within

fourteen (14) days pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(b), or as a

result of failing to do so, that party may waive the right to raise factual and/or legal

objections to the United States Court of Appeals for the Ninth Circuit.

DATED:  **August 15, 2012**.



_____

Honorable Larry M. Boyle
United States Magistrate Judge